UNITED STATES DISTRICT COURT          EASTERN DISTRICT OF TEXAS

GARY ADAMS,                            §
                                       §
                Plaintiff,             §
                                       §
versus                                 §      CIVIL ACTION NO. 9:24-CV-216-MAC
                                       §
COMMISSIONER OF SOCIAL SECUIRTY,       §
                                       §
                Defendant.             §

### ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to his application for disability-based benefits.  The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court.  The magistrate judge submitted a report recommending that the Commissioner's decision be affirmed.  The court has considered the report and recommendation (#15), and the Plaintiff's objections (#16).

Adams' objections assert that the magistrate judge failed to consider the ALJ's failure to provide a narrative explaining why the ALJ did not include mental limitations in his residual functional capacity assessment to account for the mental requirements of his past relevant work as a floor supervisor.  He also objects to the report and recommendation's evaluation of the evidence supporting the ALJ's RFC finding stating that it conflicts with Dr. Likover's opinion as to his ability to sit for fifty percent of the workday.

The magistrate judge pointed out in the report and recommendation that the ALJ evaluated Adams' mental impairments as non-severe and found no evidence in the record of mental

1

limitations that would erode his RFC finding for light, skilled work. As acknowledged by Adams, it is his burden to demonstrate his limitations and the inability to perform his past relevant work. He notes in his objections a duty by the ALJ to develop the record; however, Disability Determination Services did in fact order a medical evaluation from Dr. Phong Luu. (Tr. 609-612.) Adams reported to Dr. Luu a history of depression and anxiety for the last nine years, and that he takes Escitalopram, which improves his mental conditions. (Tr. 610.) The exam revealed that he was alert, had clear and appropriate speech with a normal tone. (Tr. 611.) No functional mental limitations were noted in his report. (*Id.*) The magistrate judge also noted that the state agency medical consultants found his mental impairments were non-severe. In addition, Adams' limited treatment for his mental condition does not offer any evidence of any mental functional limitations. (Tr. 984-1002.) The court finds the record contains substantial evidence to support the ALJ's RFC finding of light work with no mental limitations. S*ee Hernandez v. Astrue*, 278 F. App'x 333, 338 (5th Cir. 2008) (requiring the ALJ to incorporate only those limitations he finds "consistent with the weight of the evidence as a whole").

As to Dr. Likover's opinion, the ALJ discussed Dr. Likover's report finding that "Adams is to return to work, light duty" and "there is no contraindication to him returning to work." (Tr. 1022.) As noted by Adams, Dr. Likover stated that he should be on light duty restriction with 50% sitting and 50% standing for his right knee and back pain. (*Id.*) Dr. Likover also stated that Adams is hurting due to "a strain sprain or contusion that will heal on its own." (*Id.*) Adams argues that if the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted citing to SSR 96-8P. A 50% sitting restriction, however, does not directly conflict with an RFC for a reduced range of light work.

Light work typically "requires a good deal of walking or standing."[1] 20 C.F.R. § 404.1567(b). Also, the ALJ found Dr. Likover's opinion persuasive. This does not require him to wholly adopt the opinion, however. *Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021) ("The social security regulations explain that the ALJ is the fact-finder in making the RFC assessment, and the ALJ is not required to adopt the RFC verbatim from a medical opinion, as this would nullify his role as fact-finder.").

The ALJ discussed Adams' complaints regarding sitting too long; considered his lack of hospitalization or emergency room treatment; discussed his consultative exam; and looked at his treatment records for his right knee and back condition. (Tr. 20-21.) He explained that while "some limitations preclude heavy and medium work, it does not suggest it precludes all work." (Tr. 20.) The undersigned finds the ALJ's evaluation of Dr. Likover's opinion and the overall RFC to be supported by substantial evidence and without legal error. *See Keith S. v. O'Malley*, No. 1:23-CV-174-H-BU, 2024 WL 4329138, at *3 (N.D. Tex. Aug. 13, 2024) ("The ALJ's discussion of the persuasiveness of a medical opinion and the consistency and supportability factors is not confined to the specific discussion of the opinion itself but is considered in light of the entire [residual functional capacity] discussion and the evidence discussed therein.") (quoting *Garner v. Kijakazi*, No. 1:22-CV-563-DH, 2023 WL 1976713, at *5 (W.D. Tex. Feb. 13, 2023)).

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. See FED. R. CIV. P. 72(b). After careful review, the court finds that the objections are without merit and the findings of fact and conclusions of law of the United

---

[1] SAMC Dr. Kavitha Reddy opined that Adams could perform medium work. The ALJ, however, found this unpersuasive to Adams' favor. (Tr. 21.)

States magistrate judge are correct, and the underlying administrative decision is free from legal error and supported by substantial evidence.

Accordingly, the court OVERRULES the Plaintiff's objections, ADOPTS the report and recommendation of the magistrate judge, and AFFIRMS the Commissioner's denial of benefits. A final judgment will be entered separately in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 27th day of February, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE